# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

**ROBERT W. FRAYER, JR.,**
an individual,                              Case No.:
                                            Hon.:
    Plaintiff,                      Mag.:

-*vs*-

**NSF INTERNATIONAL,**
a domestic nonprofit corporation,

    Defendant.
_____/

THE SHARP FIRM
Attorneys for Plaintiff
BY: Syeda F. Davidson (P72801)
43260 Garfield Rd., Suite 280
Clinton Township, MI 48038
(586) 226-2627
syeda@sharpfirmlaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Robert W. Frayer, Jr. ("PLAINTIFF"), through his attorneys at The Sharp Firm, states the following for his Complaint against NSF International ("DEFENDANT"):

1.    Plaintiff is a resident of Dexter Township, Michigan, which is located in Washtenaw County.

2. Defendant is a domestic nonprofit corporation, headquartered in Ann Arbor, Michigan, which is located in Washtenaw County.

3. Defendant conducts business throughout the State of Michigan.

4. This Court has jurisdiction under the Age Discrimination in Employment Act, 29 USC 621 et seq. ("ADEA").

## GENERAL ALLEGATIONS

5. Plaintiff incorporates the preceding paragraphs by reference.

6. Plaintiff's date of birth is June 10, 1952.

7. Plaintiff was hired by Defendant as Director of its Physical and Mechanical Testing Lab on August 19, 2002.

8. Plaintiff worked diligently for Defendant and received substantial raises and promotions throughout the course of his employment.

9. Plaintiff's last position held for Defendant was Global Managing Director of Automotive.

10. As Global Managing Director of Automotive, Plaintiff managed Defendant's Automotive Certification Program, which performed well under his management.

11. As Global Managing Director of Automotive, Plaintiff worked more than sixty hours per week and travelled for up to six weeks at a time.

12. In May of 2018, Plaintiff met with his direct supervisor, Lori Bestervelt ("BESTERVELT") and Defendant's CEO, Kevan Lawlor ("LAWLOR").

13. During his meeting, Plaintiff expressed that he wanted to retire in the year 2021, but that he wanted to work part-time until then.

14. Lawlor approved Plaintiff's change in schedule and commented that he simply could have retired at that time.

15. In the year leading up to the May, 2018 meeting, Bestervelt had repeatedly questioned Plaintiff regarding his retirement plans.

16. Plaintiff continued to perform strongly in his part-time role.

17. Defendant hired Scott Dunfee ("DUNFEE") to perform Plaintiff's former duties.

18. As part of the duties that he inherited from Plaintiff, Dunfee began managing Defendant's Automotive Certification Program.

19. Dunfee resigned after eight months.

20. In February of 2019, Bestervelt contacted Plaintiff to advise that there were complaints that Plaintiff mismanaged the Automotive Certification Program, despite the fact that Dunfee had been managing it for the prior eight months.

21. Bestervelt placed Plaintiff on administrative leave pending an investigation into the allegations.

22. On March 29, 2019, Defendant terminated Plaintiff.

23. When terminating Plaintiff, Bestervelt refused to provide him with any details regarding the investigation or the allegations.

24. At the time that he was terminated, Plaintiff was sixty-seven years old.

25. Defendant has recently terminated a number of older employees.

26. Plaintiff filed a timely charge of Discrimination at the Equal Employment Opportunity Commission ("EEOC") on December 17, 2019.

27. Plaintiff received a Notice of Right to Sue from the EEOC dated December 19, 2019.

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

28. Plaintiff incorporates the preceding paragraphs by reference.

29. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the ADEA.

30. Plaintiff was qualified for his position with Defendant.

31. Plaintiff was sixty-seven years old at the time he was terminated.

32. Defendant's actions were intentional in disregard for Plaintiff's rights.

33. The reasons given for Plaintiff's termination were inaccurate, untrue, or otherwise in violation of his statutory rights. They were manufactured as a

pretext to cover up the employer's intent to discriminate against Plaintiff because of his age.

34. Defendant has recently terminated a number of older employees for pretextual reasons.

35. As a direct result of Defendant's discrimination, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment opportunities.

Plaintiff respectfully requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate him for his lost wages, lost benefits, loss of future wages, loss of employment and advancement opportunities, humiliation and embarrassment, mental and emotional distress, and attorney fees and costs.

Dated: March 13, 2020        THE SHARP FIRM
                             Attorneys for Plaintiff

                             /s/ *Syeda F. Davidson*
                             BY:  Syeda F. Davidson (P72801)
                             43260 Garfield Road, Suite 280
                             Clinton Township, MI 48038
                             (586) 226-2627
                             syeda@sharpfirmlaw.com

## **JURY DEMAND**

Robert W. Frayer ("PLAINTIFF"), through his attorneys at The Sharp Firm, makes a demand for a trial by jury in the above-entitled matter.

Dated: March 13, 2020                               THE SHARP FIRM
                                                                           Attorneys for Plaintiff

                                                                           /s/ *Syeda F. Davidson*
                                                                           BY:  Syeda F. Davidson (P72801)
                                                                           43260 Garfield Road, Suite 280
                                                                           Clinton Township, MI 48038
                                                                           (586) 226-2627
                                                                           syeda@sharpfirmlaw.com