UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. FRAYER, JR.,

    Plaintiff,

v.

Case No. 20-cv-10682
Hon. Matthew F. Leitman

NSF INTERNATIONAL,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION
### FOR LEAVE TO FILE UNDER SEAL (ECF No. 16)

On August 30, 2021, Defendant NSF International filed a motion for summary judgment in this action. (*See* Mot., ECF No. 17.) In support of that motion, NSF seeks to reference and attach as exhibits (1) a 300-page internal investigative report related to NSF's automotive certification program and (2) a letter it received citing certain compliance concerns that led to the internal investigation. NSF has now asked the Court for "leave to file its Motion for Summary Judgment and [the letter and investigate report] under seal, and [leave to] file a public version of the Motion for Summary Judgment with [the] confidential information redacted." (Mot. for Leave to File Under Seal, ECF No. 16.) For the reasons stated below, NSF's motion is **GRANTED**.

1

"The courts have long recognized ... a 'strong presumption in favor of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden is a heavy one," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.* Nevertheless, it is well settled that "[e]very court has supervisory power over its own records and files, and access [to those records] has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). When the Court must strike a balance between the public's interest in full disclosure of judicial proceedings and the interests of litigants in keeping information confidential to protect the privacy and the integrity of their affairs, "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.' " *Shane Group*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Here, the Court concludes that the balance between the public's interest in full disclosure and the NSF's interest in keeping matters related to its internal

2

investigative report confidential weighs in favor of sealing. The internal investigative report includes proprietary and confidential information related to the "core" of NSF's business practices, such as "NSF's specific proprietary policies and procedures for developing safety, quality, and efficiency standards." (Mot. for Leave to File Under Seal, ECF No. 26, PageID.72.) Thus, sealing the investigative report and related letter is necessary to protect NSF's competitive business interests. Moreover, and more importantly, sealing the internal investigative report will protect the privacy interest of innocent third parties. The report includes "specific" information about NSF's customers and "auditing and testing data" from those customers. (*Id.*) That information is "subject to confidentiality agreements" with NSF's customers, and those customers have not granted NSF consent to "produce [that] information publicly." (*Id.*, PageID.72-73.) NSF – and its customers – therefore have a compelling interest in keeping information from the investigative report private. On the other hand, the public's interest in the investigative report is low. This is a private dispute, and the limited nature of the sealing here does not unduly burden the public's interest in an open forum. Finally, NSF has persuaded the Court that there are no other means available to preserve NSF's competitive interests and the confidentiality of the customers referenced in the investigative report.

Accordingly, the Court **GRANTS** NSF's Motion for Leave to File Under Seal (ECF No. 16). NSF is **AUTHORIZED** to (1) file its internal investigative report and the letter that led to the internal investigation under seal, (2) file an unredacted version of its Motion for Summary Judgment under seal, and (3) file a version of its Motion for Summary Judgment publicly that redacts the confidential references to its internal investigative report and the letter that precipitated that report.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 1, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764